IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 08-00140-01-CR-W-NKL |
| RICHARD BAKER, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On December 18, 2008, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.  BACKGROUND*

On June 3, 2008, an indictment was returned charging defendant with one count of conspiracy to possess with intent to distribute Oxycontin/Oxycodone, Morphine, Demerol/Meperidine, and Hydromorphine/Fentanyl, in violation of 21 U.S.C. § 846; one count of robbery of a pharmacy, in violation of 18 U.S.C. § 1951; and one count of brandishing a firearm during a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on December 18, 2008. Defendant was present, represented by Assistant Federal

Public Defender Steve Moss.  The government was represented by
Assistant United States Attorney David Barnes.  The proceedings
were recorded and a transcript of the hearing was filed on
December 19, 2008.

## II.  *AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct
proceedings is created and defined by the Magistrates Act, 28
U.S.C. § 636. Besides certain enumerated duties, the Act provides
that a "magistrate may be assigned such additional duties as are
not inconsistent with the Constitution and the laws of the United
States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other
circuits, has held that magistrate judges may preside over
allocutions and pleas in felony cases, so long as certain
procedural safeguards are met. United States v. Torres, 258 F.3d
791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125
F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629
(2d Cir. 1994). The reasoning applied by the appellate courts
relies upon previous opinions by the United States Supreme Court
that conducting jury *voir dire* falls within a magistrate judge's
"additional duties" when the defendant has consented. United
States v. Torres, 258 F.3d at 795 (citing Peretz v. United
States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858
(1989)).

2

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of de novo review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge.

3

Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1.   On June 3, 2008, an indictment was returned charging defendant with one violation of 21 U.S.C. § 846 by conspiring to possess with intent to distribute Oxycontin/Oxycodone, Morphine, Demerol/Meperidine, and Hydromorphine/Fentanyl, and with one violation of 18 U.S.C. § 924(c) by brandishing a firearm during the pharmacy robbery (Tr. at 6-9).

2.   The statutory penalty for count one, the conspiracy count, is not more than 20 years in prison, not more than $1,000,000 fine, not less than three years supervised release, a $100 special assessment, and the possibility of restitution (Tr. at 9-10).  The statutory penalty for count three, the gun count, is not less than seven years and not more than life in prison, to run consecutive to any other sentence, not more than $250,000 fine, not more than five years supervised release, and a $100 special assessment (Tr. at 10).

4

3. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 10-11);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 11);

    c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 11);

    d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 12);

    e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 12);

    f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 12); and

    g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 13-14).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at

5

Case 4:08-cr-00140-NKL   Document 99   Filed 12/22/08   Page 5 of 10

14).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 14). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 14). Defendant stated that he understood (Tr. at 14).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 14-15).

7. Government counsel stated that its evidence would show that:

> [T]he Omnicare Pharmacy was robbed May 11th, 2008, in south Kansas City, Missouri. Mr. Baker and other individuals accosted one Harry Gianakon, an employee of the pharmacy. They seized a magnetic entry key from him, entered the establishment, and then multiple individuals went in and forced [open] the storage area, where morphine-based narcotics were stored, and thousands of items were removed. The evidence in this case would come from Mr. Gianakon, the owners of Omnicare Pharmacy. Independent investigation identified Mr. Baker as a likely perpetrator of this crime. A search warrant was sought and obtained for a residence which Mr. Baker had dominion and control over. That search warrant was executed. Items consistent with controlled substances stolen from the Omnicare Pharmacy were recovered from that residence. Mr. Baker was placed under arrest. Mr. Baker made an extensive -- an immediate and extensive post-Miranda statement admitting liability not only of himself but began assisting others and identifying others that were involved in this case. Based on those statements and other independent investigation, another search warrant was sought

6

>     and obtained, and additional items associated with the
>     robbery of the Omnicare Pharmacy to include masks, gloves,
>     receipts for the same, and multiple items of narcotics and
>     packaging for narcotics seized from the Omnicare Pharmacy
>     were recovered as well. Additionally, Your Honor, there is a
>     videotape of the Omnicare Pharmacy robbery. And so, that,
>     coupled with testimony from law enforcement, is the case
>     with regard to the defendant. For the record, Omnicare
>     Pharmacy is a business in interstate commerce. And with
>     regard to that, there is evidence that multiple firearms
>     were brandished in the robbery, Your Honor. Both in terms of
>     the post-Miranda statements of other individuals and the
>     videotape clearly depicts those[.]

(Tr. at 16-17).

8.   Defendant was placed under oath (Tr. at 15) and admitted the following: Sometime between May 1 and May 11, 2008, defendant had an agreement with one or more individuals to rob Omnicare Pharmacy of pharmaceutical controlled substances, obtaining the drugs through force or violence if necessary. Defendant knew what he was doing, and he intended to be part of the agreement with the other people.  Omnicare Pharmacy is engaged in purchase and sale of wholesale drugs which affects commerce.  During the course of the conspiracy, defendant and the others entered the pharmacy to rob it, during the course of the robbery, one or more of the conspirators was involved in threatening an employee to get the controlled substances, two of the conspirators brought guns to take the drugs by force, at least one was waving the gun around, defendant knew the individuals with guns were a part of the conspiracy and intended

7

to use the guns during the robbery, and thousands of dosage units were taken from the pharmacy (Tr. at 17-22).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 23). In addition, I went over the plea agreement with the defendant (Tr. at 24-27).

10. No one made any threats or promises to get defendant to plead guilty (Tr. at 23, 28). His guilty plea is a free and voluntary act (Tr. at 28).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Moss (Tr. at 28). There is nothing he wanted Mr. Moss to do that Mr. Moss did not do, and there is nothing Mr. Moss has done that defendant did not want Mr. Moss to do (Tr. at 28).

12. Defendant is 54 years of age and has two years of college (Tr. at 28). Defendant has no mental health or substance abuse issues (Tr. at 29).

13. Defendant tendered a plea of guilty to the crimes charged in counts one and three of the indictment (Tr. at 30).

## IV. ELEMENTS OF THE CHARGED OFFENSES

The elements necessary to sustain a conviction for conspiracy to possess with intent to distribute drugs are: (1) two or more persons reached an agreement or came to an understanding to possess with intent to distribute

8

Oxycontin/Oxycodone, Morphine, Demerol/Meperidine, and Hydromorphine/Fentanyl; (2) the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and (3) at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding. Eighth Circuit Model Criminal Jury Instruction 6.21.846A.

The elements necessary to sustain a conviction for brandishing a firearm during a drug trafficking crime or a crime of violence are: (1) the defendant committed the crimes of robbery of a pharmacy, and (2) the defendant knowingly possessed a firearm in furtherance of that crimes. Eighth Circuit Model Criminal Jury Instruction 6.18.924C.

## *V. CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts one and three of the indictment.

Therefore, it is

9

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offenses charged in counts one and three of the indictment.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of this report and recommendation to file and serve specific objections.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 22, 2008

10